# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,     )
                       )
          Plaintiff,     )
                       )
vs.                     )   **Case Nos. 05-CR-30010-MJR**
                       )           **05-CR-30011-MJR**
KELVIN ELLIS,         )         **05-CR-30044-04-MJR**
                       )
          Defendant.    )

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

In 2005 and 2006, Defendant Kelvin Ellis was sentenced to concurrent terms of imprisonment to be followed by concurrent three-year terms of supervised release in three criminal cases (05-CR-30010, 05-CR-30011, and 05-CR-30044). Each judgment contained a standard condition of supervised release directing that Ellis "shall not associate with any person convicted of a felony, unless granted permission to do so by [his] probation officer." Ellis began serving his three-year term of supervised release on May 14, 2014. According to the Government, his conditions of supervised release were explained to him by United States Probation Officer Crystal Mitchell, and Ellis submitted monthly supervision reports where he reported to his probation officer what contact, if any, he had with persons with a criminal record.

On April 27, 2017, the Government filed a petition for revocation of Ellis's supervised release in each closed criminal case. (05-30010, Doc. 70; 05-30011, Doc. 69; 05-30044, Doc. 325). According to the petition, on April 26, 2017, Ellis had an extended

meeting or conversation with Oliver Hamilton, a convicted felon, at a Hardee's restaurant in Caseyville, Illinois without first receiving permission to do so from his probation officer. The petition included an image of Ellis and Hamilton sitting together at a table talking with a woman who the Government identifies as a newly elected member of the District 189 School Board. The Government argues that Ellis was aware of Hamilton's status as a convicted felon because the men worked together at the East St. Louis Township before Hamilton resigned during the course of his well-publicized prosecution for stealing township funds.

Ellis initially appeared before Magistrate Judge Clifford J. Proud on May 24, 2017, and a final revocation hearing was set before the undersigned on June 22, 2017. The day before the final hearing, defense counsel contacted the Court and indicated that Ellis planned to challenge the above-referenced condition, believing it to be fatally vague under *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015). At the June 22 hearing, the Court requested briefing from the parties as to whether the holding in *Kappes* applied to Ellis's condition, and the hearing was continued.

Ellis's brief argues that the condition prohibiting him from associating with felons is fatally vague because it "appears to impose strict liability and does not define 'associate.'" *Kappes*, 782 F.3d at 849. Ellis contends that "associate" has multiple definitions, none of which apply to his alleged conduct. The Government counters that Ellis is time-barred from making this facial challenge to the condition's validity because he did not challenge the condition on direct appeal.

In *Kappes*, the Seventh Circuit called a condition "'forbidding the defendant from associat[ing] with any persons engaged in criminal activity' and 'associat[ing] with any person convicted of a felony, unless granted permission to do so by the probation officer' . . . 'fatally vague' because it appears to impose strict liability and does not define 'associate.'" **782 F.3d at 848-89 (citing *United States v. Thompson*, 777 F.3d 368, 376 (7th Cir. 2015))**. This condition is similar to the condition imposed on Ellis, and the Government concedes that Ellis's condition has been found to be fatally vague when challenged on direct appeal. Ellis's problem, however, is that he did not challenge the condition at sentencing or on direct appeal, and he is attempting to challenge it, instead, well into his terms of supervised release. As the Government points out, the Seventh Circuit has clearly stated that the time to challenge a condition of supervised release is at sentencing or on direct appeal, not during revocation proceedings. *See United States v. Preacely*, **702 F.3d 373 (7th Cir. 2012)**. As a result, the Court finds that Ellis's challenge to the facial validity of the condition of his supervised release comes too late and is time-barred.

While Ellis focuses his challenge on the determination in *Kappes* that the condition of his supervised release is fatally vague, the Government mentions that Ellis may be able to contest the vagueness of the application of the condition. The Government presents a detailed argument as to why the condition is not vague as applied. Ellis had the opportunity to reply to the argument and did not. Even if Ellis made a developed argument that the condition is vague as applied, his alleged conduct

fits squarely within the prohibition of the condition of supervised release without being susceptible to vagueness problems.

The condition as applied does not raise the strict liability concerns mentioned in *Kappes*. Ellis was allowed incidental contact with felons, as evidenced by his monthly reports, and he could seek permission for contact that rose above the incidental level. Even though the condition does not define the term "associate," the condition provided Ellis with sufficient notice that he was not permitted to sit down for a meal or an extended conversation with a known convicted felon without first receiving permission from his probation officer. If he was confused as to whether that was allowed, he could have addressed his questions to his probation officer or to the Court. ***See United States v. Douglas*, 806 F.3d 979, 987 (7th Cir. 2015)**.

Accordingly, the Court finds that Defendant Kelvin Ellis's facial challenge to the condition of his supervised release prohibiting him from associating with convicted felons is time-barred. This matter remains set for a final revocation hearing on Thursday, September 14, 2017, at 10:00 a.m.

**IT IS SO ORDERED**.

DATED: August 28, 2017

<u>***s/ Michael J. Reagan***</u>
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**